Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CANTERA ADJUNTAS, INC.<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE JAYUYA; EMPRESAS ORTIZ BRUNET, INC.; CONSTRUCCIONES DEL VIVI & AGREGADOS, CORP., FERRETERÍA EL GIGANTE #2, INC.; HERIBERTO LARACUENTE ORTIZ / MACARIO TRANSPORT<br><br>Recurrido | TA2025RA00086 | *Revisión Administrativa* procedente de la Junta de Subastas del Municipio de Jayuya<br><br>Civil Núm. 2025-2026-001 Renglón 30, Suministro de arena, piedra y polvillo<br><br>Sobre: Notificación de Adjudicación de Subasta |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 25 de agosto de 2025.

Comparece ante nos Cantera Adjuntas, Inc. (en adelante, Cantera Adjuntas o recurrente), para que revoquemos la *Notificación de Adjudicación de Subastas General* emitida el 1 de julio de 2025,[1] por la Junta de Subastas del Municipio Autónomo de Jayuya ( en adelante, Junta de Subastas o recurrida). Allí, la Junta de Subastas determinó no adjudicarle la buena pro a Cantera Adjuntas basándose en experiencias de años anteriores.

Examinado el recurso, resolvemos **confirmar** la *Notificación* recurrida. Veamos los fundamentos.

**-I-**

El Municipio de Jayuya publicó un Aviso de Subasta General Núm. 2025-2026-001, Renglón 30, Sobre: Suministro de Arena,

---

[1] Notificada el 2 de julio de 2025.

Piedra y Polvillo. El Municipio de Jayuya recibió propuestas de varias entidades, a saber: Cantera Adjuntas, Ferretería Gigante #2, Inc.; Heriberto Laracuente Ortiz/Macario Transport; Construcciones Del Vivi & Agregados Corporación y Empresas Ortiz Brunet, Inc. Conforme a las disposiciones del *Código Municipal de Puerto Rico, infra,* el 8 de mayo el 2025 el Municipio de Jayuya realizó la Subastas General 2025-2026-001. En esta, participaron los licitadores antes mencionados.

Mediante *Notificación de Adjudicación de Subastas General*, la Junta de Subastas informó la adjudicación de la buena pro a Ferretería Gigante #2, Inc.; Heriberto Laracuente Ortiz/Macario Transport; Construcciones Del Vivi & Agregados Corporación y Empresas Ortiz Brunet, Inc.[2] En cuanto a Cantera Adjuntas, la Junta de Subastas expresó que no se le adjudicó la buena pro a la recurrente debió a que:

> [...] conforme a la experiencia en años anteriores, no posee la capacidad de transporte terrestre (camiones) para la entrega de los materiales. Y que aún debe material de años anteriores, al momento no ha cumplido con la totalidad de las ordenes de compras emitidas y tuvieron que cancelar camiones contratados para la entrega de estos ya que la compañía no tenía la capacidad para cumplir la demanda del Municipio con relación a estos materiales para los proyectos de FEMA.

Inconforme, Cantera Adjuntas acudió ante este foro apelativo y nos solicitó la revocación de la determinación de la Junta de Subastas, la devolución del caso a dicho entidad para que pueda tomar una determinación conforme a nuestro ordenamiento jurídico. Para sustentar su solicitud, la recurrente nos plantea la comisión de los siguientes cinco (5) errores:

> **1)** ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE JAYUYA, AL ADJUDICAR LA SUBASTA GENERAL NÚM.: 2025-2026-001, A EMPRESAS ORTÍZ BRUNET, INC., CONSTRUCCIONES DEL VIVI & AGREGADOS CORP., FERRETERÍA EL GIGANTE #2, INC. Y HERIBERTO LARACUENTE ORTIZ / MACARIO TRANSPORT.
> **2)** ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE JAYUYA, AL ADJUDICAR LA SUBASTA GENERAL NÚM.: 2025-2026-001, A EMPRESAS ORTÍZ

---

[2] Véase, Apéndice 2 de la Recurrente.

BRUNET, INC., CONSTRUCCIONES DEL VIVI & AGREGADOS CORP., FERRETERÍA EL GIGANTE #2, INC. Y HERIBERTO LARACUENTE ORTIZ / MACARIO TRANSPORT; A PESAR DE QUE CANTERA ADJUNTAS, INC., PROPUSO LA OFERTA ECONOMICA MAS VENTAJOSA

3) ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE JAYUYA, AL ADJUDICAR LA SUBASTA GENERAL NÚM.: 2025-2026-001, A EMPRESAS ORTÍZ BRUNET, INC., CONSTRUCCIONES DEL VIVI & AGREGADOS CORP., FERRETERÍA EL GIGANTE #2, INC. Y HERIBERTO LARACUENTE ORTIZ / MACARIO TRANSPORT; A PESAR DE QUE DICHA LICITADORA NO CUMPLIÓ CON LAS EXIGENCIAS Y REQUISITOS NECESARIOS PARA PODER PARTICIPAR SEGÚN ESTABLECIDO EN EL PLIEGO DE ESPECIFICACIONES DEL AVISO DE SUBASTA.

4) ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE JAYUYA, AL ADJUDICAR LA SUBASTA GENERAL NÚM.: 2025-2026-001, A EMPRESAS ORTÍZ BRUNET, INC., CONSTRUCCIONES DEL VIVI & AGREGADOS CORP., FERRETERÍA EL GIGANTE #2, INC. Y HERIBERTO LARACUENTE ORTIZ / MACARIO TRANSPORT; A PESAR DE QUE DICHA LICITADORA NO DEMOSTRÓ, NI ESTABLECIÓ SU CAPACIDAD FINANCIERA

5) ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE JAYUYA, AL ADJUDICAR LA SUBASTA GENERAL NÚM.: 2025-2026-001, A EMPRESAS ORTÍZ BRUNET, INC., CONSTRUCCIONES DEL VIVI & AGREGADOS CORP., FERRETERÍA EL GIGANTE #2, INC. Y HERIBERTO LARACUENTE ORTIZ / MACARIO TRANSPORT; A PESAR DE QUE EL MUNICIPIO OBVIÓ CAPRICHOSA, ARBITRARIA E INJUSTIFICADAMENTE SUS PROPIAS ESPECIFICACIONES.

Oportunamente, la Junta de Subastas compareció mediante escrito en oposición. En apretada síntesis, alegó que de los propios argumentos de la recurrente se desprendía que no presentó la mejor oferta por no cumplir con los criterios básicos de entrega y cumplimiento con lo dispuesto en el *Código Municipal de Puerto Rico*, *infra.*

-II-

-A-

Sabido es que los tribunales apelativos estamos llamados a conceder amplia deferencia a las agencias administrativas, pues son estas quienes cuentan con la experiencia y el conocimiento especializado en los asuntos que les han encomendado.[3] Dispone la

---

[3] *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___; *Moreno Lorenzo v. Departamento de la Familia*, 207 DPR 833, 839 (2021).

Sección 4.5 de la *Ley de Procedimientos Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU) que *"la revisión judicial de una actuación administrativa debe limitarse a evaluar la razonabilidad de la decisión recurrida, la cual deberá ser sostenida a menos que se demuestre que es arbitraria o caprichosa"*.[4] Ahora, es importante señalar que a los municipios no les aplican las disposiciones de la LPAU, ya que están expresamente excluidos de la definición de "Agencia".[5]

No obstante, un licitador o participante de una subasta formal o un *Request for Proposal* ("RFP") puede cuestionar mediante revisión judicial la adjudicación de una subasta,[6] bajo el mismo principio de la deferencia a las agencias administrativas.

**-B-**

A tono con lo antes dicho, es menester recordar que el objetivo de exigir que la contratación y las obras que realiza el Gobierno se efectúen mediante el proceso de subasta, es *proteger los intereses y el dinero público*. A través de las subastas se protegen los intereses del pueblo, ya que procuran conseguir *los precios más económicos; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento*.[7]

Las subastas que se adjudican por una Junta de Subastas Municipal, están reguladas por el *Código Municipal de Puerto Rico* ("Código Municipal"),[8] y el *Reglamento para la Administración Municipal 2016* Núm. 8873 ("Reglamento Núm. 8873").[9] Estas

---

[4] *Cruz v. Administración*, 164 DPR 341, 355 (2005); *Ramírez v. Departamento de Salud*, 147 DPR 901 (1999). *Véase, además,* Ley Núm. 38 – 2017, según enmendada, conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9675.

[5] *Puerto Rico Eco Park, Inc. v. Municipio de Yauco*, 202 DPR 525, 533 (2019). *Véase, además,* 3 LPRA sec. 9603.

[6] *Id.*, a las págs. 532-533 citando *R & B Power v. ELA*, 170 DPR 606, 624 (2007).

[7] *Puerto Rico Eco Park, Inc. v. Municipio de Yauco, supra*, pág. 531. *Énfasis nuestro.*

[8] Ley Núm. 107-2020, según enmendada, conocida como *Código Municipal de Puerto Rico*, 21 LPRA sec. 7001 *et seq.*

[9] *Reglamento para la Administración Municipal 2016 Núm. 8873 de la Oficina del Comisionado de Asuntos Municipales* de 19 de diciembre de 2016.

normas también regulan el derecho de revisión judicial de los licitadores o participantes.[10]

En nuestro ordenamiento jurídico, queda a discreción de cada municipio, como entidad con el conocimiento especializado, aprobar un reglamento que establezca el procedimiento y las guías a seguir en sus propias subastas.[11] Sin embargo, existen unos criterios básicos que deben ser respetados.

Como norma general, un municipio adjudicará una subasta sobre suministros de servicio, de compras o de construcción al postor más bajo. Esto es así puesto que, al estar de por medio el desembolso de fondos públicos, se debe promover la inversión adecuada, responsable y eficiente de los recursos económicos del Estado.[12]

Precisamente, el objetivo de las subastas es proteger el erario *"consiguiendo la construcción de obras públicas y la adquisición de servicios de calidad para el Gobierno al mejor precio posible"*.[13] La consideración primordial al momento de determinar quién debe resultar favorecido en el proceso de adjudicación de subastas debe ser el interés público en proteger los fondos del Pueblo de Puerto Rico.[14]

Cónsono con lo anterior, el Código Municipal dispone en su Artículo 2.040, que:

> *"[l]a Junta entenderá y adjudicará todas las subastas que se requieran por ley, ordenanza o reglamento y en los contratos de arrendamiento de cualquier propiedad mueble o inmueble y de servicios, tales como servicios de vigilancia, mantenimiento de equipo de refrigeración entre otros"*.[15]

Establece, además, el precitado Artículo 2.040 en su inciso (a) los criterios de adjudicación:

---

[10] *Puerto Rico Eco Park, Inc. v. Municipio de Yauco, supra*, pág. 534.
[11] *AEE v. Maxon*, 163 DPR 434, 440 (2004).
[12] *Aut. Carreteras v. CD Builders, Inc.*, 177 DPR 398, 404 (2009).
[13] *RBR Const., SE v. AC*, 149 DPR 836, 848 – 849 (1999).
[14] *Cordero Vélez v. Municipio de Guánica*, 170 DPR 237, 245 (2007).
[15] 21 LPRA sec. 7216.

> ***a. Criterios de adjudicación*** *— Cuando se trate de compras, construcción o suministros de servicios, la Junta adjudicará a favor del postor razonable más bajo. [...] La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega,* **la habilidad del postor para realizar y cumplir con el contrato,** *la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.*
>
> *La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo … si con ello se beneficia el interés público. En este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación. [...].[16]*

Por otro lado, el Reglamento Núm. 8873 dispone que, como norma general de adjudicación, las subastas se adjudicarán a favor del licitador que esté respaldado por un buen historial de capacidad y cumplimiento.

Además, el licitador tiene que cumplir con los siguientes requisitos:

> *(a) Que cumpla con los requisitos y condiciones de los pliegos de especificaciones.*
> *(b) Que sea la más baja en precio o que aunque no sea la más baja en precio, la calidad y/o garantías ofrecidas superan las demás ofertas o se justifique el beneficio de interés público de esa adjudicación.*
>
> *De adjudicarse a favor de un licitador que no haya ofrecido el costo más bajo, la Junta de Subastas deberá hacer constar por escrito las razones que justifican la adjudicación. Dicha justificación escrita deberá estar firmada por los miembros de la Junta de Subasta que la favorecieron y debe permanecer en el expediente para fines de auditoria futura.[17]*

En cuanto a la adjudicación de la *buena pro,* el Reglamento Núm. 8873 establece que la Junta tendrá que determinar las ofertas susceptibles de ser consideradas para la adjudicación, tomando como guía las normas establecidas en el Reglamento, así como en la información del *Acta de Apertura y el Informe del Recaudador.[18]*

Añade el Reglamento Núm. 8873 que, *"[l]uego de hacer esa determinación preliminar, la Junta procederá a verificar en las ofertas*

---

[16] *Id.* en el inciso (a). Énfasis suplido.
[17] Sec. 11, Cap. VIII, Parte II, Reglamento Núm. 8873, *supra.*
[18] Sec. 10, Cap. VIII, Parte II, Reglamento Núm. 8873, *Id.*

*susceptibles de ser evaluadas, cuáles han cumplido con las especificaciones y condiciones solicitadas en la subasta"*.[19]

En vista de lo anterior, la revisión judicial en los casos de subastas se limita a determinar si la adjudicación al licitador agraciado es razonable y se sostiene con la evidencia sustancial que obra en el expediente.[20]

-**III**-

En resumen, Cantera Adjuntas señala que la Junta de Subastas incidió al descalificarle ya que utilizó criterios ajenos al pliego, sin motivación suficiente ni oportunidad de contradicción. De otro lado, arguyó que las alegaciones del Municipio de Jayuya sobre su incumplimiento con las entregas de materiales carecían de veracidad. Por el contrario, alegó que fue el propio Municipio de Jayuya quien incumplió reiteradamente con el pago de las facturas correspondientes y que por ello, se vio en la obligación de suspender las entregas pendientes.

Del expediente ante nuestra consideración no surgen documentos que apoyen las alegaciones levantadas por Cantera Adjuntas. Esto es, no se presentó evidencia de su cumplimiento con las entregas de materiales. De igual forma, tampoco surge evidencia sobre el alegado incumplimiento de pago por parte del Municipio de Jayuya. Más allá de argüir que su oferta era la más baja, la recurrente no presentó argumentos ni evidencia que apunten a que la determinación de la Junta de Subastas fue arbitraria o abusiva.

Por lo tanto, determinamos que la adjudicación a los licitadores agraciados resulta razonable y está sostenida por la evidencia que obra en el expediente. Los licitadores agraciados fueron quienes cumplieron con las especificaciones requeridas del Pliego, por lo que no erró la Junta de Subastas.

---

[19] *Id.*
[20] *Caribbean Communication v. Pol. de PR,* 176 DPR 978, 1006 (2009).

**-IV-**

Por todo lo anteriormente consignado, resolvemos **confirmar** la *Notificación* recurrida.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

-IV-

Por todo lo anteriormente consignado, resolvemos **confirmar** la *Notificación* recurrida.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.